REDMANN, Judge.
Defendant Roy Perriloux appeals from a refusal to dissolve an order preliminarily enjoining him from exercising any function as president of a corporation of which he is majority shareholder, and appointing plaintiff as “administrator and overseer” of the corporation. We reverse and dissolve the preliminary injunction and terminate the appointment.
We dismiss defendant’s argument of lack of jurisdiction in the trial court because, see La.Const. art. 5 § 16, it is apparently a question of venue, and in any case it is waived by failure to object preliminarily, C.C.P. 7 and 44.
The fatal defect of the preliminary injunction was that defendant was not allowed to present evidence at the trial. Defendant was denied any meaningful opportunity to be heard at that “trial” (see Tr. 57-58). The preliminary injunction was therefore issued in violation of C.C.P. 3602 and is therefore dissolved.
La.R.S. 12:151C authorizes appointing a receiver ex parte “pending trial” and § 151A(1) allows appointment after trial. Together those statutes make it clear that the ex parte appointment is only a temporary, emergency measure, the effectiveness of which cannot continue beyond the time reasonably necessary to have a trial at which opposition to an appointment could be heard. We conclude that that *1057 reasonable time has elapsed and that, for lack of opportunity for defendant to be heard, no post-trial appointment could be effective. Accordingly we terminate the appointment of plaintiff as “administrator and overseer” of the corporation.
(That corporate dissolution proceedings may be in progress does not render this appeal moot because of the possible claims for attorneys’ fees under R.S. 12:151D.)
Reversed; preliminary injunction dissolved; appointment of administrator and overseer terminated.